HOUSEMAN et al. v. PHILADELPHIA ELECTRIC CO. et al.

(District Court, E. D. Pennsylvania.   July 30, 1919.)

No. 6086.

1. EJECTMENT ⊜⇒81—PLEADING—STATUTE.

Under Acts Pa. May 8, 1901 (P. L. 142), and Act Pa. June 7, 1915 (P. L. 887), providing for a declaration and a statutory plea of not guilty in ejectment cases, and authorizing court to enter judgment for person entitled thereto, a plea setting forth federal acts, under which the property was condemned by defendants, *held* not to present validity of condemnation proceedings, except possibly as a trial question.

2. EJECTMENT ⊜⇒75—PLEADING—REPLICATION—AS DEMURRER.

A so-called replication, which challenged the sufficiency in law of a plea in an ejectment case and also denied the fact allegations of the plea, cannot be treated as a demurrer.

At Law.   Ejectment by Samuel F. Houseman, Anna D. Massey, and Anna D. Massey, as executrix of the estate of Henry V. Massey, deceased, against the Philadelphia Electric Company and others.   Order discharging rule for judgment, unless rule be withdrawn within 10 days.

L. B. Register, D. R. Rothermel, and George W. Pepper, all of Philadelphia, Pa., for plaintiffs.

Wm. Y. C. Anderson, Francis B. Bracken, Francis Fisher Kane, and John P. Connelly, all of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.   The above action is ejectment.   The basis for the claim of the jurisdiction of this court to entertain the action as brought does not clearly appear.   Assuming the jurisdiction, the question we are asked to decide is sought to be raised in this wise:

The Pennsylvania statute of 1901 (P. L. 142) regulating the practice in such actions provides for the filing of a declaration by the plaintiff, setting forth the cause of action, together with a brief or abstract of title disclosing the claim of title set up.   To this the defendant is required to interpose the statutory plea of "not guilty," together with a statement of the grounds of the defence in the nature of a special plea, accompanied by a brief of title disclosing (as in the case of the plaintiffs) the title upon which the defense relies.   This declaration and plea, without more, put the case at issue.   The act of Assembly of June 7, 1915 (P. L. 887), changes the act of 1901 only in the respect that the court is authorized to enter judgment in favor of the party "entitled to" such judgment.

From the statement made during the argument at bar, the real controversy would seem to have arisen out of the following situation: The estate of Henry V. Massey was the owner of certain tracts of land in the Fortieth ward.   On September 10, 1918, the Emergency Fleet Corporation, wishing to have the use of a strip of land through the plaintiffs' property for the purpose of the construction of a high power line, entered upon and condemned it in pursuance of the powers asserted to have been conferred by a number of acts of Congress, and defendants are now in possession for this purpose.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The real and only controversy is this: The defendant claims the right to so condemn plaintiffs' land, and that the only redress to which plaintiffs are entitled is to assert the right to compensation; the plaintiffs deny defendant's right to thus enter upon the land, and assert that the possession of defendant is a wrongful one. Plaintiffs accordingly in their declaration set up merely their title and claimed right of possession, and ignoring eveything else aver a wrongful possession. To the declaration thus filed the defendant has pleaded "not guilty," and has, by special plea, set up the condemnation and the acts of Congress which are asserted to authorize it and thus justify the possession of defendant. Plaintiffs have met this by filing what is said to be a repli·cation. Defendant then took the present rule for judgment.

There can be little doubt that the act of 1915 was intended to confer authority upon the courts to decide just such a controversy as that which has arisen between these parties. There is much doubt, however, whether the proviso which has been added to the act of 1901 by the act of 1915 accomplishes what is evidently its intended purpose. The court is empowered to enter a judgment, but only such judgment as the facts will warrant, and unfortunately no mode of determining the facts is provided. We would be justified in finding that the plaintiffs up to September, 1918, had the right of possession, because the defendant admits it. The defendant asserts the fact to be that it entered upon the land by virtue of the condemnation set forth, and justifies and defends its possession on this ground. If the act of Assembly required the plaintiffs to reply to this plea, and declared all averments in the plea, undenied by the plaintiffs, are to be taken as admitted, we would have the fact basis for a judgment, or if the fact averments of the plea were denied, we would have an issue of fact to be tried. The judgment authorized by the act is a judgment in demurrer. If the plaintiffs had demurred, this would operate as an admission of the facts pleaded, and the court could then proceed to judgment. No demurrer has, however been filed, and the question recurs: How are the facts to be found? The plaintiffs have filed what they call a replication. There is no authority in the act of assembly for this, however, but, on the contrary, the cause is at issue on the declaration and plea, without more. Plaintiffs are given neither right nor opportunity to deny any averments of fact set up by way of special plea, and it was surely not intended to give to defendant the right, by moving for judgment, to have any averments of fact which it chooses to make taken as verities.

[1, 2] The only issue which the parties have to raise seems to be one of law, and the only question to be whether the plaintiffs' property can be lawfully taken for the purpose for which it has been taken. If the parties want this question answered in advance of trial, counsel must devise and agree upon some way of presenting it. The present declaration and plea do not present it, except as a possible trial question. The paper which the plaintiffs have filed does not meet the suggested purpose. It does, it is true, challenge judgment upon the sufficiency of the plea in law. In this feature it is a demurrer, but, as it also sets up a denial of the truth of the fact averments of the plea,

we cannot treat it as a demurrer. A motion to strike it from the record will test whether it had there a proper place.

In order to give counsel the opportunity to agree upon some way of raising the question which they wish to have decided, leave is granted defendant to withdraw the present rule for judgment. If no such agreement is reached, and the rule is not withdrawn, the clerk is directed to enter, after 10 days from the filing of this opinion, an order discharging the rule for judgment.